DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| The Beacon Journal Publishing Co., Inc., ) | |
| ) | CASE NO. 5:05CV1396 |
| Plaintiff(s), ) | |
| ) | |
| v. ) | ORDER |
| ) | (Resolving Doc. No. 16, 25) |
| Alberto Gonzalez, Attorney General, United ) | |
| States Department of Justice, ) | |
| ) | |
| Defendant(s). ) | |

**I**

Plaintiff sued Defendants under the Freedom of Information Act (F.O.I.A.) seeking the booking photographs of Gregory J. Geig and David M. Watson pursuant to Detroit Free Press v. Dep't of Justice, 79 F.3d 93 (6th Cir. 1996). Defendants initially contended that Detroit Free Press either did not apply in this case or was no longer good law. They have since "recognize[d] that they are bound by the decision as law in this circuit." (Doc. No. 16, p. 2.) Consequently, Defendants indicated that they would provide the requested booking photographs to Plaintiff.

Defendants filed a Motion to Dismiss (Doc. No. 16), which has been briefed (Doc. Nos. 17, 18). Defendants requested that the Court dismiss this action because it has been rendered moot and for insufficiency of service. The Court concluded that Plaintiff had not perfected service on Defendants, but this matter was still within the 120-day period for Plaintiff to perfect service. (Doc. No. 20.) The Court, therefore, required Plaintiff to establish that it had perfected service (Doc. No. 20), which Plaintiff has now done (Doc. No. 21). Defendants again filed a Motion for an Order Dismissing Case for Mootness (Doc. No. 25), and Plaintiff has now filed its Response (Doc. No. 27). Because

(5:05CV1396)

Defendants' voluntary cessation of the challenged activity does not render the matter moot Defendants' Motion to Dismiss is DENIED.

## II

Defendants claim their actions have rendered this case moot.  A defendant's voluntary cessation of the challenged activity does not render a case moot unless it is absolutely clear that the challenged behavior could not reasonably be expected to recur.  Friends of the Earth, Inc. v. Laidlaw Envtl. Serv., 528 U.S. 167, 189 (2000).

> It is well settled that 'a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice.' City of Mesquite[ v. Aladdin's Castle, Inc.], 455 U.S.[ 283,] 289 [(1982)] . 'If it did, the courts would be compelled to leave "the defendant ... free to return to his old ways."' Id., at 289, n. 10 (citing United States v. W.T. Grant Co., 345 U.S. 629, 632 (1953)). In accordance with this principle, the standard we have announced for determining whether a case has been mooted by the defendant's voluntary conduct is stringent: 'A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.' United States v. Concentrated Phosphate Export Assn., 393 U.S. 199, 203 (1968).

Laidlaw, 528 U.S. at 189 (internal brackets omitted).  The party asserting mootness has the "[t]he 'heavy burden of persuading' the court that the challenged conduct cannot reasonably be expected to start up again." Id. (citing Concentrate Phosphate Export Assn., 393 U.S. at 203.

Here, Plaintiffs challenge Defendants refusal to produce booking photographs.  Defendants contend that because they have produced the booking photographs requested in this case and have indicated that they will do so in the Sixth Circuit in the future, this matter is rendered moot.  In other words, Defendants have voluntarily ceased the challenged practice.  Defendants, however, do not produce evidence indicating that it is "absolutely clear" that they will not revert to their refusal to

2

(5:05CV1396)

produce booking photographs. In accordance with Laidlaw, therefore, this matter is not rendered moot by the Defendants' voluntary cessation of the challenged activity.

The Court notes that the "cessation of the allegedly illegal conduct by government officials has been treated with more solicitude . . . than similar action by private parties." Mosley v. Hairston, 920 F.2d 409, 415 (6th Cir. 1990) (internal quotations omitted), quoted in Ammex, Inc. v. Cox, 351 F.3d 697, 705 (6th Cir. 2003). In Ammex, the court held that the Michigan Attorney General's withdrawal of a Notice of Intended Action (NIA) did not render the case moot. 351 F.3d at 705-06. There, the court noted that the attorney general indicated in his withdrawal that a resolution of other litigation could result in a reinstatement of NIA. Id. at 705. Conversely, in Brandywine, Inc. v. City of Richmond, 359 F.3d 830, 836 (6th Cir. 2004), the court held that the city's modification of an ordinance rendered the case moot, citing Ky. Right to Life, Inc. v. Terry, 108 F.3d 637, 645 (6th Cir. 1997), where the court relied upon the principle that legislative amendment or repeal of a challenged statute renders the case moot.

Here, Defendants have merely withdrawn their policy prohibiting the dissemination of booking photographs. Unlike Brandywine where the conduct was altered by a modification of the city ordinance, Defendants' conduct here has not been altered by the modification of F.O.I.A. Furthermore, Defendants have indicated a propensity for altering the challenged booking photograph policy based on litigation. Indeed, the challenged modification resulted from the Supreme Court's decision in Nat'l Archives & Records Admin. v. Favish, 541 U.S. 157 (2004), that Vince Foster's death scene photographs were protected from disclosure by his family's privacy interests. Favish, at best, is tenuously associated with the release of booking photographs. Thus, like the attorney general's

3

(5:05CV1396)

potential reinstatement of the NIA pending favorable resolution of litigation in Ammex, Defendants here have shown a propensity for altering their policy based on the resolution of litigation.  The Court, therefore, concludes that Defendants have not shown that the challenged conduct cannot reasonably be expected to start up again.  Consequently, Plaintiff remains entitled to a declaration of whether Defendants' refusal to produce the booking photographs of Geig and Watson violated F.O.I.A.  Thus Defendants' conduct has not rendered this case moot.

### III

In its Response, Plaintiff requests that this Court issue an injunction overturning the Marshals Service's new policy and requiring the Marshals Service to release booking photographs upon request and to post them on its website.  (Doc. No. 27.)  Plaintiff's Complaint, however, merely alleges that Defendants' refusal to produce the booking photographs of Geig and Watson violates F.O.I.A. and seeks the production of those booking photographs.  (Doc. No. 1.)  The Complaint does not implicate the Marshals Service's new policy or its failure to post booking photographs on its website.  Thus the relief Plaintiff requests in its Response (Doc. No. 27) is beyond the scope of the Complaint.  The Court, therefore, will not address Plaintiff's allegations regarding the Marshals Service's new policy and its failure to post booking photographs on its website.

### IV

As referenced above, Defendants have produced the requested booking photographs to Plaintiff.  All that remains in this dispute is a declaration of whether Defendants' initial refusal to produce the booking photographs constituted a violation of F.O.I.A. and, if so, whether and the amount of attorney fees to which Plaintiff is entitled.  The Court is of the view that Defendants' "recogni[tion] that

4

(5:05CV1396)

they are bound by [<u>Detroit Free Press</u>, 79 F.3d 93,] as the law in this circuit[]" (Doc. No. 16) constitutes an admission that their initial refusal to produce the booking photographs was a violation of F.O.I.A. in this case.

Defendants, therefore, shall notify the Court by Friday, September 2, 2005, at 10:00 a.m. whether they agree or disagree with the Court's conclusion. If Defendants agree with the Court's conclusion, the Court will issue an order indicating that this case is closed. Additionally, Plaintiff shall file its petition for attorney fees and costs by Friday, September 16, 2005, and Defendants shall file their objections to the fee petition by Friday, September 30, 2005.

## V

For the foregoing reasons, Defendants' Motion to Dismiss (Doc. No. 16, 25) is DENIED. Additionally, Defendants shall notify the Court by Friday, September 2, 2005, at 10:00 a.m. whether they agree or disagree with the Court's conclusion that they have admitted that their refusal to produce the booking photographs in this case constituted a violation of F.O.I.A. If they agree, Plaintiff shall file its petition for attorney fees and costs by Friday, September 16, 2005, and Defendants shall file their objections to the fee petition by Friday, September 30, 2005.

IT IS SO ORDERED.

  August 30, 2005                                           /s/ David D. Dowd, Jr.
Date                                                David D. Dowd, Jr.
                                                    U.S. District Judge

Case: 5:05-cv-01396-DDD Doc #: 28 Filed: 08/30/05 6 of 6. PageID #: 181