DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| The Beacon Journal Publishing Co., Inc., | ) | |
| | ) | CASE NO. 5:05CV1396 |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | (Resolving Doc. No. 31, 35) |
| Alberto Gonzalez, Attorney General, United States Department of Justice, | ) ) | |
| | ) | |
| Defendant(s). | ) | |

Before the Court is Plaintiff's Motion for Summary Judgment (Doc. No. 35) as to Count One of its current Amended Complaint. Count One alleges that Defendants refused to produce certain booking photographs to the Plaintiff pursuant to a request made under the Freedom of Information Act (FOIA), 5 U.S.C. 552. By prior order, the Court dismissed Counts Two and Three of the Amended Complaint as abandoned (Doc. No. 37).

Defendants oppose the Motion for Summary Judgment (Doc. No. 40), arguing that the Court lacks jurisdiction to make such a determination. Defendants posit that once the photos were produced pursuant to the request, the case became moot and the Court was divested of jurisdiction. The Court denied Defendant's previous Motions to Dismiss, reasoning that Defendants' production of documents did not divest the Court of jurisdiction to decide ancillary matters such as attorney fees. (Doc. No. 30, Order at 5; Doc. No. 32, Order at 3-4), citing GMRI, Inc. v. EEOC, 149 F.3d 449 (6th Cir. 1998).

In GMRI, the district court was presented with a similar situation where all available documents had been produced prior to the Court ruling on a motion for summary judgment or making a determination on attorney fees under the FOIA. The district court went on to find a FOIA violation, granted summary judgment to plaintiff, and that determination was upheld on

(5:05CV1396)

appeal. The Sixth Circuit also held that the court could, in its discretion, award attorneys fees. GMRI, 149 F.3d at 452 .

In this case, Defendants have as much as admitted that a FOIA violation occurred when Plaintiff's request for booking photographs was refused. Defendants said that their previous policy of not releasing the booking photographs was contrary to law and released the booking photographs because they "recognized they are bound by [Detroit Free Press v. Dep't of Justice, 79 F.3d 93 (6th Cir. 1996)] as law in this circuit." (Doc. No. 16, p.2).

The Court previously invited Defendants to admit that a FOIA violation occurred based on Defendants' change in policy with regard to the release of booking photographs and the release of the photos at issue in this case. Defendants have declined the Court's invitation.

However, the undisputed facts in this case demonstrate a violation of the FOIA. Plaintiff requested the booking photographs at issue. Upon denial of that request, Plaintiff exhausted its administrative remedies prior to bringing suit. Defendants voluntarily produced the photographs subsequent to the lawsuit being filed. Defendants changed the policy of refusing to release booking photographs, stating that the change was coming "due to recent litigation and review by the Department of Justice, Civil Division, and the Solicitor's General Office. . . ." (Doc. No. 27, Exhibit A, August 10, 2005 USMS Directive 1.12 Release of Mug Shots to the Media).

The Court finds that the undisputed facts in this matter demonstrate that Defendants' initial refusal to produce the booking photographs was contrary to the FOIA and Plaintiff's motion for summary judgment (Doc. No. 35) as to Count One of the Amended Complaint is granted.

This grant of summary judgment does not, however, include much of what plaintiff asks

2

(5:05CV1396)

for in the motion.  Plaintiff seeks booking photos in an electronic format and requests, in the future, a more prompt turn around time in terms of responses to its requests. In this regard, the Court agrees with Defendants that the Complaint does not request those remedies and they will not be ordered.[1]

Also pending is Plaintiff's petition for attorney fees (Doc. No. 31). Defendants filed a response opposing the award of attorney's fees and questioning some of the submitted charges (Doc. No. 41).  Plaintiff was granted leave to supplement its petition for attorney's fees and has filed a reply brief in support of its petition (Doc. No. 43).

The FOIA statute, at  5 U.S.C. 552(a)(4) (E), provides that "the court may assess against the United States reasonable attorney's fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." The statute does not require an award of attorney's fees, but makes the matter discretionary with the Court.

Even without a court order compelling an agency to produce documents, a party will be found to have "substantially prevailed" if it demonstrates that the prosecution of the lawsuit was "reasonably necessary to obtain requested information, and that the existence of the lawsuit had a causative effect upon the release of that information." GMRI, 149 F.3d at 452 (citations omitted).

The Court specifically requested that the parties brief the issue of whether, in light of the United States Supreme Court decision in Buckhannon Bd. & Care Home v. West Virginia, 532

---

[1] While the summary judgment motion was pending, Plaintiff sought to file a second amended  complaint to address these additional issues. The Court denied the motion (Doc. No.  39).

3

(5:05CV1396)

U.S. 598 (2001), Plaintiff could be found to be a prevailing party and thus entitled to attorney's fees. The Supreme Court in Buckhannon cautioned that a defendant's voluntary change in conduct, although the result sought by a plaintiff in a matter where attorney's fees could be awarded, may mean that the plaintiff was not a prevailing party for purposes of collecting a statutory award of attorney fees.

> A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought by the lawsuit, lacks the necessary judicial *imprimatur* on the change. Our precedents counsel thus counsel against holding that the term "prevailing party" authorizes an award of attorney's fees *without* a corresponding alteration in the legal relationship of the parties.

Buckhannon, 532 U.S. at 605.

That change in relationship may be where Plaintiff has received a judgment on the merits or a court-ordered consent decree but not where there was simply a reversal of a directed verdict or where a plaintiff only "acquired a judicial pronouncement that the defendant violated the Constitution unaccompanied by '*judicial* relief. . . .' Id. at 605-606 (citing, inter alia, Hewitt v. Helms, 482 U.S. 755 (1986) (simple recognition of constitutional claim, without victory on the merits, was not sufficient for finding that plaintiff was a prevailing party).

Defendants argue that Plaintiff cannot be viewed as having substantially prevailed because "there has been no judicially sanctioned change in the legal relationship of the parties." Doc. No. 41, Defendants' Response to Plaintiff Petition for Attorney's Fees, at 4. The key for Defendants is that the Court did not order documents produced, even if the Court may have found in favor Plaintiff on its motion for summary judgment.

Plaintiff argues that by granting its motion for summary judgment, there is judicial relief in the form of a pronouncement that Defendants violated the FOIA. That legal pronouncement,

4

(5:05CV1396)

Plaintiff asserts, is sufficient to lead to an award of attorney's fees.

In support of its view, both parties cite AutoAlliance Intern., Inc., v. U.S. Customs Service, 300 F. Supp. 2d 509 (E.D. Mich. 2004). In that case, the court did not directly order documents produced, but did direct defendants to conduct a review of available documents. Documents were voluntarily produced following the ordered review. The court held that by ordering the review there was a "judicially sanctioned change in the legal relationship of the parties" that made plaintiff eligible for attorney's fees. 300 F. Supp. at 514.

The Court agrees with Plaintiff that the grant of summary judgment is sufficient under Buckhannon to serve as the requisite judicial *imprimatur* to make Plaintiff eligible for attorney's fees. The Supreme Court listed "judgments on the merits and court-ordered consent decrees" as examples of legal changes in the relationship of the parties that would support a finding for a party to have substantially prevailed in an action. The Court is not persuaded that additional affirmative remedies must be ordered at the time summary judgment is granted in order for plaintiff to be considered a party who has substantially prevailed in this action.

However, the Court's finding that Plaintiff substantially prevailed in its FOIA request does not guarantee an award of attorney's fees. The Court must go on to determine whether it should, in its discretion, grant attorneys fees in this matter. The standard for making this determination was set forth by the Sixth Circuit in Detroit Free Press, Inc. v. Department of Justice, 73 F.3d 93: "[1] the benefit from the public deriving from the case; [2] the commercial benefit to the complainant and the nature of its interests in the records; and [3] whether the agency's withholding [of the records] had a reasonable basis in law." Id. at 98.

5

(5:05CV1396)

The case at bar is factually similar to the <u>Detroit Free Press</u> case as both cases involve the refusal to issue copies of mug shots. As to the first consideration, the public benefit based on the request, it is true for both cases that "[the request] gives further insight into the criminal justice administration conducted in this district. It gives further impetus to people who might come forward with evidence in criminal prosecutions." 73 F. 3d at 98 (citations omitted).

As to the issue of commercial benefit to the newspaper, the <u>Detroit Free</u> panel held, and this Court agrees, that where "'the complainant's interest in the information sought was scholarly or journalistic or public interest oriented,' fees are generally awarded." 98 F.3d at 98, <u>quoting</u> <u>Fenster v. Brown</u>, 617 F.2d 740, 742 n.4 (D.C. Cir. 1979).

Finally, the Sixth Circuit struggled with the issue of the reasonableness of the decision to withhold release of the mug shots because it was a case of first impression. The Court concluded that the district court did not err by finding the refusal unreasonable and awarding attorney fees. This is no longer a matter of first impression. The refusal did not have "a reasonable basis in the law," and therefore, the Court finds, upon consideration of the factors above, that Plaintiff shall be awarded attorney's fees in an amount that the Court will now determine.

In the fee petition submitted by Plaintiff's in-house counsel, Karen Lefton, Ms. Lefton identified 48.8 hours devoted to work on this matter and requests an hourly rate of $200 per hour. Under a loadstar analysis, the amount requested for Ms. Lefton's work is $9,760.00.  Because Ms. Lefton is in-house counsel for Plaintiff, she does not provide direct evidence of a regular hourly billing rate but instead submits the affidavit of Ronald Kopp, an attorney specializing in First Amendment law with whom Ms. Lefton consulted on this matter. Mr. Kopp states in his affidavit

6

(5:05CV1396)

that $200 is an appropriate hourly rate for Ms. Lefton and further states that the hours and fee charged for her work in this matter is also reasonable. (Doc. No. 31, Exhibit A, at 13-14).

The fee application also requests that Plaintiff be reimbursed for Ms. Lefton's consultations with Mr. Kopp. Mr. Kopp states that his hourly billing rate is $290 per hour and that he performed 4 hours of work in this matter, for a total of $1160.00. Although Mr. Kopp did not submit a time sheet with his affidavit, his work is corroborated by Ms. Lefton's time sheet.

The total request for fees and costs pending before the Court is combined attorney's fees of $10,920.00 plus costs for filing of the action in the amount of $250 for a total fee application of $11,170.00.[2]

Defendants first object to the $200 hourly rate sought by Ms. Lefton as unsubstantiated, save for Mr. Kopp's opinion. The Court agrees that further evidence of background, expertise, and objective evidence of an hourly billing rate normally accompanies a fee petition. It is difficult for Ms. Lefton to state a normal billing rate due to the fact that she is in-house counsel. The fee petition states that Ms. Lefton and Mr. Kopp maintained a "partner-associate" working relationship. (Doc. No. 43, at 6).

The Court is not persuaded that a reasonable associate billing rate in the relevant market is $200 per hour.  Defendants do not suggest what would be an appropriate billing rate. The Court finds that an appropriate hourly billing rate for  Ms. Lefton is $170 per hour.

---

[2]  Plaintiff was granted leave to supplement the fee petition and filed a reply brief in support on October 26, 2005.  Plaintiff has not requested additional fees since the time of the September 16, 2005 fee petition and the Court makes its award based on the petition as submitted.

(5:05CV1396)

Defendants do not address Mr. Kopp's hourly billing rate of $290 and do not question the veracity of his 4 hours of work but do question the necessity of additional counsel in this matter. Plaintiff argues that her consulting arrangement with Mr. Kopp reduced costs that would have been incurred had the entire matter been entrusted to Mr. Kopp and his firm. The Court agrees with Plaintiff and accordingly approves the fee application expenses from Mr. Kopp to be reimbursed to Plaintiff in the amount of $1160, which represents 4 hours of work at $290.

As to Ms. Lefton, Defendants lodge several objections to the time submitted for her work. Defendants complain about Plaintiff's alleged practice of "block billing."  The Court has examined the entries for work submitted by Ms. Lefton for Plaintiff and finds that the time allocated to the work described is not unreasonable. Further, the time sheet submitted by Plaintiff contains several "n/c" notations where Plaintiff did not bill for insubstantial allocations of her time. Accordingly, the Court finds Defendants' objections to Ms. Lefton's work as unreasonable not to be well taken.

However, the Court agrees with Defendants that the 11.3 hours Ms. Lefton devoted to work on the FOIA request prior to filing suit will not be granted.  The Court is unwilling to award fees and expenses for services that were performed prior to filing the lawsuit. See <u>Northwest Coalition for Alternatives to Pesticides v. Browner</u>, 965 F. Supp. 59 (D.D.C. 1997).  The Court also agrees with Defendants that 5.5 hours listed as "additional requests to test new directive" are not relevant to the issues in this case and will not be awarded. Accordingly, the Court will deduct 16.8 hours from the total sought by Ms. Lefton of 48.8 to arrive at a total of 32 hours to be awarded.

Defendants finally argue, without citation to authorities, that fees should cease once the

8

(5:05CV1396)

Defendants announced that they would provide the mug shots pursuant to the request. Defendants ultimately released the mug shots two months later. The Court disagrees because Defendants were responsible for raising several issues that required Plaintiff to respond.

The Court asked Defendants to admit that a violation of the FOIA occurred and allow the Court to go on to rule on attorney's fees. This would have reduced the amount of hours that Plaintiff's counsel spent on this matter. Instead, Defendants filed a renewed motion to dismiss and have argued that Plaintiff is not entitled to attorney's fees.  The Court finds that the work performed, as submitted by the peitition, after the offer to release the mug shots was reasonable and necessary to a successful prosecution of this action.

Accordingly, the Court grants Plaintiff's attorney fee application as follows:

Attorney Karen Lefton 32 hours @ $170 per hour = $5442.00

Attorney Ronald Kopp 4 hours   @ $290 per hour = $1160.00

Filing Fee                          @ $250           = $ 250.00

Total                                                           $6892.00

9

(5:05CV1396)

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment (Doc. No. 35) is granted. Further, Plaintiff's petition for attorney's fees (Doc. No. 31) is granted and the Court awards Plaintiff the amount of $6892.00 in fees and costs to be paid by Defendant.

IT IS SO ORDERED.

| | |
|---|---|
| November 16, 2005 | /s/ David D. Dowd, Jr. |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |